UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDRE DROUIN,
    *Plaintiff*,

v.

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY,
    *Defendant*.

No. 3:19-cv-1978 (JAM)

**ORDER DENYING WITHOUT PREJUDICE MOTION TO AMEND THE COMPLAINT, JOIN ADDITIONAL DEFENDANT, AND REMAND TO STATE COURT**

Plaintiff Andre Drouin filed a complaint in Connecticut state court alleging state law claims against defendant Nationwide Property and Casualty Insurance Company. In turn, Nationwide timely removed the case from state court to this Court on the ground of diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1441(a).

Diversity jurisdiction exists over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." § 1332(a). Federal diversity jurisdiction requires complete diversity of citizenship and does not exist if any one plaintiff is a citizen of the same State as any one defendant. *See, e.g.*, *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

Drouin has now filed a second motion for leave to amend the complaint, for joinder of an additional defendant, and for remand to the state court on the ground that the joinder of the additional proposed defendant will destroy complete diversity. Doc. #25; 28 U.S.C. § 1447(e). Although I would ordinarily wait for the opposing party to file a response to this type of motion, it is self-evident that the allegations of Drouin's proposed complaint are deficient.

First, the proposed complaint alleges that Drouin is a "resident" of Connecticut. Doc. #25-1 at 1 (¶ 1). For purposes of diversity jurisdiction, however, the citizenship of a natural person is determined by domicile, not residency, and allegations of residency alone are insufficient to establish domicile for jurisdictional purposes. *See, e.g.*, *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Second, the proposed complaint alleges that the proposed additional defendant, Southern Connecticut Restoration, LLC, "is a Connecticut limited liability company doing business in the State of Connecticut." Doc. #25-1 at 1 (¶ 3). For purposes of diversity jurisdiction, however, the citizenship of a limited liability company is not determined by where it is incorporated or does business; instead, the citizenship of a limited liability company is determined by reference to the State of citizenship of each one of its members. *See, e.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Village Ltd. Partnership, LLC*, 213 F.3d 48, 51-52 (2d Cir. 2000). The proposed complaint fails to identify each one of the members of the proposed limited liability company defendant, much less to allege the citizenship of each member.

In short, Drouin proposes to file a complaint that does not include enough information to allow me to decide if there is a basis for the exercise of federal diversity jurisdiction over this case. Accordingly, I will DENY the motion without prejudice to the filing of a motion and proposed complaint that properly alleges the facts necessary to decide if there is diversity jurisdiction. Doc. #25.

It is so ordered.

Dated at New Haven this 24th day of February 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge